# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

ANDREW COOMBS, SHERRY
COOMBS, and DANIELLE BROOKS,

    Plaintiffs,

v.

VISHWA INCORPORATED, d/b/a INN
TOWN MOTEL,

    Defendants.

Civil Action No.

## COMPLAINT

Plaintiffs, by and through their undersigned counsel, files this Complaint for unpaid wages against the above-listed Defendants.

### STATEMENT OF THE CASE

1.    Between December 2019 and August 2020 Defendant Inn Town Motel (the "Inn") in Norway, Maine employed Plaintiffs Andrew Coombs, Sherry Coombs, and Danielle Brooks. Defendant hired Plaintiffs as managers of the motel and further required them to perform janitorial work, maintenance, and/or clerking work.

2.    Defendant regularly and improperly paid Plaintiffs "under the table" less than the statutory minimum wage for each hour worked and failed to pay any overtime wages. In doing so, Defendant deprived Plaintiffs of wages on a regular basis.

3. Plaintiffs were required to handle all day-to-day business of operating the Inn seven days a week. Plaintiffs rented out rooms, checked in guests of the Inn, cleaned rooms, performed maintenance and other tasks as necessary to keep the Inn operational.

4. Defendant required Plaintiffs to remain at the Inn twenty-four hours a day to be "on call" for additional work as needed.

5. In exchange for this work, Defendant provided Plaintiffs two rooms at the Inn and agreed to pay them $500/month. In reality, Defendant paid Plaintiffs this $500 only a few times.

6. Defendant further promised to pay Plaintiffs between $5 and $7 per room they cleaned. Defendant never kept track of the number of rooms Plaintiffs cleaned nor paid them their promised wages.

7. Plaintiffs each routinely worked from 8 AM to 10 PM daily, but also performed work outside these hours as necessary. Plaintiffs each performed, on average, one-hundred twelve (112) hours of work per week.

8. Defendant violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Maine labor laws guaranteeing prompt payment of wages, ME. REV. STATE. TIT. 26, §§ 621-A *et seq.*, a minimum wage and overtime, ME. REV. STATE. TIT. 26, §§ 661 *et seq.*

9. Defendant's violations of the FLSA and Maine's wage laws were willful and deliberate.

10. Plaintiffs seek compensation for the Defendant's violations of the FLSA, and Maine's prompt payment, minimum wage and overtime laws.

### PARTIES, JURISDICTION, AND VENUE

11. Plaintiffs Andrew Coombs, Sherry Coombs, and Danielle Brooks are residents of Androscoggin County, Maine.

12. Defendant Vishwa Incorporated ("Vishwa") is a registered Maine business corporation with a principal place of business street address 317 U.S. Route 1, York, Maine 03909.

13. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

14. Plaintiff requests that this Court exercise supplemental jurisdiction over their claims under the laws of Maine, pursuant to 28 U.S.C. § 1367.

15. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because all the events and omissions giving rise to the claims of the named Plaintiff occurred in the District of Maine, and the Defendants are based in, conduct substantial business, and/or reside in the state of Maine.

## FACTUAL ALLEGATIONS

16. Defendant Vishwa owns the Inn.

17. The Inn provides lodging services to individuals traveling in interstate commerce.

18. Plaintiffs managed the day-to-day operations of the Inn.

19. Plaintiffs Andrew Coombs and Sherry Coombs, who are husband and wife, and their daughter, Plaintiff Danielle Brooks, all worked for Defendants between December 28, 2019 and August 10, 2020.

20. As part of their regular job responsibilities, Plaintiffs regularly processed credit card transactions through an electronic device.

21. Defendant hired Plaintiffs to act as managers of the Inn and perform all tasks associated with the day-to-day operation of the Inn. These tasks included renting rooms to guests, cleaning rooms, performing maintenance and upkeep, and other clerical and janitorial work as necessary.

22. Plaintiffs also agreed to be "on call" twenty-four hours a day, seven days a week for any issues that arose.

23. As payment, Defendant promised to provide Plaintiffs with two rooms located at the Inn, and pay them $500 per month total for all the work performed.

24. Defendant only occasionally paid Plaintiffs the promised monthly $500.

25. Defendant further promised Plaintiffs it would pay Plaintiffs $5 to $7 per guest room they were required to clean.

26. Despite their promise, Defendant never paid Plaintiffs anything for cleaning the rooms.

27. Plaintiffs were always paid "under the table."

28. Defendant never provided Plaintiffs W2s or tax forms of any kind.

29. Defendant intentionally and unlawfully paid Plaintiffs an amount less the statutory minimum wage.

30. Defendant intentionally and unlawfully failed to pay Plaintiffs overtime wages, regardless of how many hours they worked.

31. Plaintiffs, through counsel, demanded unpaid wages by certified letter to the Defendant's business addresses on November 30, 2020, which was delivered on December 3, 2020.

32. Defendant has failed to correct its failure to pay Plaintiffs back wages due notwithstanding the receipt of complaints.

## CLAIMS FOR RELIEF

### COUNT I:
### BREACH OF THE FAIR LABOR STANDARDS ACT (FLSA)
### 28 U.S.C. §§ 201 ET SEQ

33. Plaintiffs re-allege and incorporates by reference all previous paragraphs of the Complaint as if fully rewritten herein.

34. During all times relevant to this action, the named Plaintiffs were employed by Defendant as defined by 29 U.S.C. § 203(g).

35. Defendant failed to pay Plaintiffs the minimum wage of $7.25 per hour.

36. During all times relevant to this action, Plaintiffs were employed by the Defendant for handling and otherwise working on goods or materials that had been moved in or were produced for commerce by any person.

37. Plaintiffs, as part of their regular job responsibilities, handled and worked on materials which had been moved in interstate commerce.

38. Plaintiffs are each individually covered by the Fair Labor Standards Act because they engaged in commerce or in the production of goods for commerce, including the use of the credit card processing device.

39. Plaintiffs are each entitled to wages for all time they worked for the Defendant.

40. Defendants failed to pay Plaintiffs the minimum wage required by the FLSA.

41. Defendants failed to pay Plaintiffs overtime wages required by the FLSA.

42. Plaintiffs are entitled to unpaid minimum wage, unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II:
## BREACH OF MAINE WAGE PAYMENT LAW

43. Plaintiffs incorporate all previous paragraphs.

44. Defendants employed Plaintiffs at the Inn.

45. The Defendant failed to pay all wages, due on payday pursuant to the employment agreement that incorporated by law all applicable state and federal wage laws.

46. Therefore, Plaintiffs' wages were not paid in full pursuant to 26 M.R.S.A. § 621-A.

47. Plaintiffs demanded payment of the late wages in compliance with 26 M.R.S.A. §626 and 626-A.

48. Defendant failed to pay within eight days, and are liable pursuant to 26 M.R.S.A. §626-A for unpaid wages, reasonable rate of interest, costs of suit including a reasonable attorney's fee, and an additional amount equal to twice the amount of unpaid wages as liquidated damages.

## COUNT III
## BREACH OF MAINE MINIMUM WAGE LAW

49. Plaintiffs incorporate all previous paragraphs.

50. Defendant employed Plaintiffs under 26 M.R.S.A. §663.

51. Defendant failed to pay Plaintiffs the minimum wage under 26 M.R.S.A. §664.

52. Under 26 M.R.S.A. §670, Defendant is liable to Plaintiffs for unpaid wages adjudged to be due, an additional amount equal to such wages as liquidated damages, and costs of suit including a reasonable attorney's fee.

## COUNT IV
## BREACH OF CONTRACT OR UNJUST ENRICHMENT/QUASICONTRACT

53. Plaintiffs incorporate all previous paragraphs.

54. Defendant entered into an employment agreement with the Plaintiff.

55. This agreement incorporated all applicable state and federal laws including those setting a minimum wage.

56. The wage term in the contract providing two rooms and $500 for approximately 112/hours of work per week is illegal and void. It must be replaced in quantum meruit at the reasonable value of the Plaintiff's labor, or alternatively at minimum wage.

57. Defendant breached this contract by failing to pay all wages due.

58. Defendant owes damages in law and equity, or alternatively must be disgorged from his ill-gotten gains.

## DEMAND FOR JURY TRIAL

59. The Plaintiff demands a jury for all issues so triable.

## PRAYER FOR RELIEF

60. Plaintiff respectfully requests that this Court enter an order or orders:

   a. Awarding the Plaintiff unpaid wages pursuant to 26 M.R.S. §§ 626, 626-A and/or 670;

   b. Awarding the Plaintiff liquidated damages and penalties pursuant to 26 M.R.S. §§ 626-A and 670;

   c. Awarding the Plaintiff costs and attorneys' fees pursuant to 26 M.R.S. §§ 626-A and/or 670;

   d. Awarding the Plaintiff unpaid wages pursuant to 29 U.S.C. §§ 207 & 216;

   e. Awarding the Plaintiff liquidated damages and penalties pursuant to 29 U.S.C. §§ 207 & 216;

   f. Awarding the Plaintiff costs and attorneys' fees pursuant to 29 U.S.C. §§ 207 & 216;

      g.      Granting such other relief as this Court deems just and proper.

Dated: March 15, 2021

          Respectfully Submitted,

          /s/ Peter Mancuso.
          Peter Mancuso, Esq.
          Andrew Schmidt Law, PLLC
          97 India St.
          Portland, Maine 04101
          207-619-0884
          peter@maineworkerjustice.com

          Attorneys for the Plaintiff